AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Oliver Roblero-Martinez<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )  Case No.<br><br>5:25-mj-1175-PRL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 15, 2021__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry by a Previously Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Border Patrol Agent Lacey O'Neal, CBP
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 08/26/2025

_____
*Judge's signature*

City and state: Ocala, Florida

U.S. Magistrate Judge Philip R. Lammens
*Printed name and title*

STATE OF FLORIDA                      CASE NO.  5:25-mj-1175-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 7, 2003. I am currently assigned to the Orlando, Florida Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth

only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On August 25, 2025, Florida Highway Patrol (FHP) contacted the Orlando Border Patrol Station in reference to the defendant, Oliver ROBLERO-MARTINEZ. ROBLERO-MARTINEZ was a passenger in a vehicle that had been involved in a multi-vehicle collision on the southbound lanes of the Florida Turnpike near mile marker 278 in Minneola, Florida.[1] The FHP troopers asked all involved parties for their identification, and when ROBLERO-MARTINEZ's was asked for his identification, he produced a Mexican passport. Border Patrol Agents from the Orlando Border Patrol Station were contacted for further assistance. During the interview, agents gathered personal identifying information (name, date of birth, place of birth, etc.) from ROBLERO-MARTINEZ.

4. CBP record checks on his biographical information confirmed that ROBLERO-MARTINEZ is a citizen and national of Mexico with no lawful immigration status in the United States. He also has an alien file number (A XXX XXX 825), which contains his immigration history. ROBLERO-MARTINEZ was placed under arrest for immigration violations

---

[1] Minneola is in Lake County, within the Middle District of Florida.

2

and transported to the Orlando Border Patrol Station for further processing. At the station, Border Patrol Agents conducted a fingerprint comparison to ROBLERO-MARTINEZ's known fingerprints from his alien file. On August 25, 2025, the database indicated a match of the fingerprints.

5. Documents in the alien file also show that ROBLERO-MARTINEZ has been previously ordered deported/removed from the United States to Mexico by a Designated Official on September 17, 2014. ROBLERO-MARTINEZ was then physically deported/removed from the United States to Mexico on September 18, 2014, through Brownsville, Texas. ROBLERO-MARTINEZ was found to be present in the United States a second time on May 15, 2021, after having been arrested in Jacksonville, Florida. ROBLERO-MARTINEZ was granted prosecutorial discretion by the Immigration and Customs Enforcement (ICE) in connection with this event and no enforcement action was taken.

6. There is no record of ROBLERO-MARTINEZ ever applying to or receiving consent of the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after ROBLERO-MARTINEZ's prior deportation/removal.

7. Based on the foregoing, I believe that there is probable cause that on August 25, 2025, Oliver ROBLERO-MARTINEZ was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

_____
Lacey E. O'Neal,
Border Patrol Agent

*Affidavit submitted by electronic means and attested to me as true and accurate via video conference and/or telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this* __26th__ *day of August, 2025.*

_____
The Honorable Philip R. Lammens
United States Magistrate Judge

4